IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GILBERT ANTHONY RIVERO,

        Plaintiff,

v.

MATTHEW McCAULEY and JACKSON COUNTY CIRCUIT COURT,

        Defendant.

Case No. 1:19-cv-00549-MO

ORDER TO DISMISS

MOSMAN, District Judge.

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 and moves for leave to proceed *in forma pauperis*. Plaintiff's *in forma pauperis* application is granted, and the action may proceed without fees or costs. However, for the reasons set forth below, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).

///

1 - ORDER TO DISMISS

## BACKGROUND

Plaintiff alleges that in 1996, Defendant McCauley, a Jackson County prosecutor, charged him with at least one felony. As a result, on May 3, 1996, police officers in San Jose, California broke down his door and extradited him to Oregon. He claims that the Jackson County Circuit Court's involvement in the case amounted to obstruction of justice, and that Defendant McCauley's actions amounted to misconduct. Plaintiff alleges that as a result of what he claims to be a false criminal record, he has wrongfully suffered physical and mental stress and been unable to seek employment. He asks this Court to hold Defendants "accountable."

## STANDARDS

Dismissal is appropriate if Plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Plaintiff's Complaint should not be dismissed for failure to state a claim, however, unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 558 (9th Cir. 1995).

Dismissal for failure to state a claim is a ruling on a question of law. *Parks School of Business, Inc., v. Symington*,

2 - ORDER TO DISMISS

51 F.3d 1480, 1483 (9th Cir. 1995). Review is limited to the contents of the Complaint and its Exhibits. *Id* at 1484. Allegations of fact in the Complaint must be taken as true and construed in the light most favorable to the non-moving party. *Id.* From the facts alleged, the court also must draw all reasonable inferences in favor of the Plaintiff. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). But conclusory allegations, without more, are insufficient to state a claim. *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

**DISCUSSION**

Plaintiff's Complaint can be read in three different ways, none of which entitles him to the relief he seeks. First, to the extent Plaintiff asks the Court to provide him with damages for misconduct on the part of the prosecuting attorney and trial court in Jackson County in 1996, both Defendants would be immune from such a suit. *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004) (state court judges are absolutely immune from suits for damages for acts undertaken in judicial capacity); *Kalina v. Fletcher*, 522 U.S. 118, 123-25 (1997) (prosecutorial immunity).

3 - ORDER TO DISMISS

The Complaint can also be read as a request for mandamus relief. Specifically, Plaintiff may be asking the Court to order the appropriate state official to correct the record to show that Plaintiff was never convicted of a felony in Oregon. Federal courts lack mandamus authority to direct state officials regarding the performance of their duties, and a petition for mandamus requesting such relief is frivolous as a matter of law. *See Demos v. U.S. District Court,* 925 F.2d 1160, 1161-62 (9th Cir.), *cert. denied,* 498 U.S. 1123 (1991).

Finally, to the extent Plaintiff asks this Court to invalidate any prior Oregon convictions he might have on his criminal record, a federal civil rights case is neither a substitute for a proper appeal of a criminal conviction or sentence, nor does it constitute a permissible avenue by which to take a successive appeal. *Heck v. Humphrey,* 512 U.S. 477, 489 (1984) ("Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."). For all of these reasons, the Court summarily dismisses Plaintiff's Complaint for failure to state a claim.

///

4 - ORDER TO DISMISS

**CONCLUSION**

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint (#2) is DISMISSED for failure to state a claim. Because it is evident that Plaintiff cannot cure the deficiencies identified above through amendment, the dismissal is without leave to amend, but without prejudice to his right to refile should he successfully invalidate any prior conviction(s) in a proper proceeding.

Plaintiff's pending request for appointed counsel contained within his Complaint is denied. Additionally, for the reasons set forth above, this court certifies that any appeal from this order would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

IT IS SO ORDERED.

DATED this 29th day of May, 2019.

                                            /s/ Michael W. Mosman
                                            Michael W. Mosman
                                            United States District Judge